IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                               CAUSE NUMBER: 1:21-CR-54-MPM

FRED RANDLE

## ORDER

Fred Randle, through appointed counsel, requests a sentence modification and PSR amendment pursuant to 18 U.S.C. § 3582(c)(2) [223]. The Government opposes the requested relief [224]. This Court, having reviewed the record and carefully considered the applicable law, is prepared to rule.

## RELEVANT BACKGROUND

Fred Randle pled guilty to conspiracy to possess with intent to distribute methamphetamine and conspiracy to use facilities in interstate commerce to aid racketeering. These charges arose from his organized operation that trafficked large quantities of methamphetamine, cocaine, and heroine. According to the Presentence Report ("PSR"), Randle had a Criminal History Category of II when he was sentenced because he had 3 points, 2 of which were status points. His sentencing guideline range was therefore, 292-365 months, but this Court sentenced Randle to a 130-month term of imprisonment on April 8, 2022. His current anticipated release date is May 11, 2030.

Sentencing Guidelines Amendment 821 amended USSG § 4A1.1 to add a single status point only if the defendant receives 7 or more criminal history points. U.S. SENTENCING GUIDELINES MANUAL § 4A1.1(e) (U.S. SENTENCING COMMISSION 2023). Under the new calculation, Randle has no status points, which puts him in Criminal History Category I and

reduces his term of imprisonment to 262-327 months. Randle therefore requests this Court reduce his term of imprisonment to 116 months. Randle alternatively requests the Court order the Probation Office to amend his PSR to accurately reflect his criminal history score and category.

While under one year of intensive supervision for a previous marijuana offense, his supervision was revoked twice for a new arrest, use of controlled substances, failure to pay fines, and absconding supervision. He also has an outstanding state case for selling hydrocodone in 2010 and an outstanding 2021 citation for failure to properly restrain a child. Further, in the two and a half years Randle has been incarcerated, he has had five disciplinary incidents. His most recent incident occurred in December 2023. However, he cooperated with the government after his arrest, which led to the downward departure from the sentencing guidelines. He also provided for much of his extended family prior to his incarceration.

## DISCUSSION

Courts generally may not modify a term of imprisonment once the term has been imposed, but courts may modify a term if the Sentencing Commission subsequently lowers the sentencing range pursuant to 28 U.S.C. 944(o). 18 U.S.C. § 3582(c)(2). Courts follow a two-step analysis to determine whether a sentence reduction is appropriate: "(1) determine the defendant's eligibility for sentence modification and what amended guideline range would have been applicable; and (2) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction is warranted under the particular circumstances of the case." *United States v. Dilworth*, No. 3:22-CR-51-SA, 2024 WL 4046588, at *1 (N.D. Miss. Sept. 4, 2024) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)). A district court's reasons for denying a § 3582(c) motion only need enough detail to allow for meaningful appellate review. *Chavez-Meza v. United States*, 585 U.S.

109, 115-16 (2018); *United States v. Patel*, No. 24-20233, 2024 WL 4274346, at *1 (5th Cir. Sept. 24, 2024) (citing *United States v. Evans*, 587 F.3d 667, 673-74 (5th Cir. 2009)).

Here, the Government concedes Randle is eligible for a sentence reduction and does not oppose amending his PSR, but the parties dispute whether the § 3553(a) factors support a reduction. Randle argues the § 3553(a) factors support reduction because his disciplinary incidents are minor and non-violent, he earned his GED while incarcerated, and he suffers from hypertension and diabetes. The Government argues his original sentence is appropriate because it reflects the seriousness of the offense, his criminal history, and his disciplinary record while incarcerated.

Having reviewed the PSR [223], Sentencing Commission's policy statements, the motion and response, and § 3553(a) factors, this Court will not reduce Randle's sentence. The gravity of the offense justifies maintaining the sentence, especially given the scale of his enterprise. In addition, his five disciplinary incidents in the past two and a half years indicates that the imposed sentence is necessary to promote a respect for the law. As a result, the Court finds that reducing Fisher's sentence is inappropriate.

This Court will not order the Probation Office to amend Randle's PSR. The Bureau of Prisons "is responsible for implementing a risks and needs assessment system, managing time credits, and making security classifications," not the court system. *United States v. Bueno-Beltran*, No. CR 15-189-1 (RAM), 2024 WL 3633641, at *3 (D.P.R. Aug. 2, 2024) (citing *United States v. Wilson*, 503 U.S. 329, 335-36 (1992); then citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)). Further, the plain text of § 3582(c)(2) only permits courts to reduce a defendant's sentence; it does not authorize courts to take other actions, such as reducing a defendant's criminal history score. *Id.* If Randle wishes to challenge his criminal history score, he must first exhaust all available

administrative remedies before petitioning this Court for a writ of habeas corpus. *Id.* Consequently, this Court denies Randle's request to amend his PSR.

## CONCLUSION

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that Defendant Fred Randle's Motion for Sentence Reduction [223] is **DENIED** as to all requests.

SO ORDERED this 22nd day of October 2024.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI